UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACLYN PISCITELLI, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 3:19-CV-01589 (KAD) |
| v. | : |
| UNIVERSITY OF SAINT JOSEPH, | : |
| | : JANUARY 28, 2020 |
| Defendant. | : |

## ANSWER AND DEFENSES

The Defendant University of Saint Joseph ("Defendant" or "USJ") hereby answers the Plaintiff's Complaint dated October 9, 2019, as follows:

1. Paragraph 1 is denied to the extent that it alleges that Defendant violated Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*.

2. Admitted.

3. As to the allegations of Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief as to their truth and therefore leaves Plaintiff to her proof.

4. Admitted.

5. Paragraph 5 calls for a legal conclusion and Defendant therefore leaves Plaintiff to her proof.

6. Paragraph 6 is denied to the extent that it alleges that Plaintiff began her employment with Defendant on June 14, 2011. The remaining allegations of Paragraph 6 are admitted.

7. Admitted.

8. Admitted.

9. It is admitted that Cardarelli held the title of Athletic Director until June 24, 2019, when a new female Athletic Director was hired.  It is further admitted that Cardarelli transitioned to his current role of Director of Clinical Experiences on May 17, 2019, and was no longer involved in any Athletic Department business or personnel action after that date.  The remaining allegations of Paragraph 9 are denied.

10. It is admitted that during her tenure as Associate Athletic Director, Plaintiff received overall positive performance ratings.  The remaining allegations of Paragraph 10 are denied.

11. As to the allegations of Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to their truth and therefore leaves Plaintiff to her proof.

12. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's professional goals and therefore leaves Plaintiff to her proof.  The remaining allegations of Paragraph 12 are denied.

13. It is admitted that Defendant announced in June 2017 that it would become fully coeducational for the 2018-2019 academic year.  The remaining allegations of Paragraph 13 are denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. It is admitted that Glen Miller was hired in October 2017 as Associate Director of Men's Basketball and that his title changed to Associate Head Coach of Men's Basketball in September 2018. The remaining allegations of Paragraph 19 are denied.

20. It is admitted that Calhoun and Miller worked together on the coaching staff at UConn and that Calhoun recruited Miller to assist him in building a men's basketball program at USJ. The remaining allegations of Paragraph 20 are denied.

21. Denied.

22. Denied.

23. It is admitted that Ken Bedini is USJ's Interim Vice President of Student Affairs. It is further admitted that during the 2018-2019 academic year, Plaintiff and Bedini met monthly to discuss USJ's athletics program and department and to discuss Plaintiff's job performance. The remaining allegations of Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. It is admitted that during her tenure as Associate Athletic Director, Plaintiff had her own private office except during the 2017-2018 academic year, when she, like all other members of the Athletic Department except the Athletic Director, shared an office due to space constraints. The remaining allegations of Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied.

31. It is admitted that Plaintiff was USJ's NCAA Compliance Coordinator. The remaining allegations of Paragraph 31 are denied.

32. It is admitted that during her tenure as Associate Athletic Director, Plaintiff had a private office except during the 2017-2018 academic year, when she shared an office with two colleagues. The remaining allegations of Paragraph 32 are denied.

33. Denied.

34. It is admitted that Plaintiff asked Cardarelli for his input regarding where she could take confidential telephone calls for the time period during which she did not have her own private office and that Cardarelli suggested several places where Plaintiff could find a quiet place to conduct confidential phone calls, including an empty locker room. The remaining allegations of Paragraph 34 are denied.

35. Denied.

36. It is admitted that the introduction of new athletics teams in the 2018-2019 academic year resulted in an increased workload for many employees of USJ's Athletics Department. The remaining allegations of Paragraph 36 are denied.

37. It is admitted that Josh Ingham is male. The remaining allegations of Paragraph 37 are denied.

38. It is admitted that Plaintiff discussed her workload with Cardarelli and Bedini and requested a graduate assistant in the spring of 2018. The remaining allegations of Paragraph 38 are denied.

39. Denied.

40. Denied.

41. It is admitted that the swim coach complained about the timeliness of coverage for certain events, and that in part to address this concern, USJ hired a part-time employee who worked roughly twenty (20) hours per week on drafting articles for the Athletics website and covering varsity sporting events. The remaining allegations of Paragraph 41 are denied.

42. Denied.

43. As to the allegations of Paragraph 43, Defendant lacks knowledge or information sufficient to form a belief as to their truth and therefore leaves Plaintiff to her proof.

44. Paragraph 44 is denied to the extent that it alleges that Plaintiff, an exempt employee, was entitled to "comp time." As to the remaining allegations of Paragraph 44, Defendant lacks knowledge or information sufficient to form a belief as to their truth and therefore leaves Plaintiff to her proof.

45. As to the allegations of Paragraph 45, Defendant lacks knowledge or information sufficient to form a belief as to their truth and therefore leaves Plaintiff to her proof.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Paragraph 56 is admitted to the extent that it alleges that there was a meeting in or around October 2018 during which the Midnight Madness event was discussed. The remaining allegations of Paragraph 56 are denied.

57. Paragraph 57 is denied to the extent that it alleges that Miller intentionally failed to acknowledge or respond to e-mails or communications sent by Plaintiff. As to the remaining allegations of Paragraph 57, Defendant lacks knowledge or information sufficient to form a belief and therefore leaves Plaintiff to her proof.

58. Denied.

59. Paragraph 59 is admitted to the extent that it alleges that Plaintiff told Bedini that Miller had not provided the name of a coach to attend the Midnight Madness event. The remaining allegations of Paragraph 59 are denied.

60. Denied.

61. Denied.

62. It is admitted that on or about June 12, 2019, a meeting took place with various staff from the Athletics Department, including Plaintiff, Miller, and the new Athletics Director. The purpose of the meeting was to introduce the new Athletics Director to the Athletics Department staff. The remaining allegations of Paragraph 62 are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. It is denied that Plaintiff made any complaints or reports as alleged in Paragraph 70. The remaining allegations of Paragraph 70 are also denied.

71. It is admitted that beginning in the fall of 2017, Plaintiff expressed her dissatisfaction with her role as Associate Athletic Director and that she was seeking a new career path that would not involve working nights and weekends. It is further admitted that Plaintiff informed Bedini that she was working with a professional employment recruiter during the 2018-2019 academic year in order to find a new job. The remaining allegations of Paragraph 71 are denied.

72. Denied.

73. It is admitted that on June 21, 2019, Plaintiff met with Spencer and Bedini and was informed that her employment was terminated effective immediately. The remaining allegations of Paragraph 73 are denied.

74. It is admitted that Bedini stated words to the effect of "we're moving in a new direction." As to the remaining allegations of Paragraph 74, Defendant lacks knowledge or information sufficient to form a belief and therefore leaves Plaintiff to her proof.

75. Denied.

76. Admitted.

77. Admitted.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or administrative filing periods.

### **SECOND DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **THIRD DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, and Plaintiff failed to take advantage of the preventative and corrective opportunities offered by Defendant or to otherwise avoid her alleged harm.

### **FOURTH DEFENSE**

Defendant's decision and actions, or failures to act, if any, concerning Plaintiff were not discriminatory but were justified by legitimate, non-discriminatory reasons.

**FIFTH DEFENSE**

Plaintiff fails to state a claim upon which the relief sought can be granted.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were caused by her own conduct and not by any legal duty owed by Defendant to Plaintiff.

**SEVENTH DEFENSE**

Plaintiff is not entitled to exemplary or punitive damages because Defendant did not engage in any discriminatory practices with reckless indifference to Plaintiff's rights and Defendant's good faith efforts to prevent discrimination bar any such award.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, must be reduced to the extent that they have been mitigated through subsequent earnings, or could have been mitigated through reasonable diligence by Plaintiff.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses that may become apparent or applicable during the course of this action.

DEFENDANT – UNIVERSITY OF SAINT JOSEPH

By: /s/ Patricia E. Reilly
    Patricia E. Reilly – ct08352
    preilly@murthalaw.com
    Martha M. Royston – ct29835
    mroyston@murthalaw.com

Murtha Cullina LLP
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone:  203.772.7700
Facsimile:   203.772.7723
Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2020, a true and correct copy of the foregoing document has been filed electronically and served on the parties via the Court's electronic filing system or by mail to anyone unable to accept electronic filings. Parties may access this filing through the Court's CM/ECF system.

/s/ Patricia E. Reilly
Patricia E. Reilly